UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 15-1293 JVS (MRW) | Date | November 20, 2015 |
|---|---|---|---|
| Title | Reyes v. Lynch | | |

| Present: The Honorable | Michael R. Wilner | |
|---|---|---|
| Veronica McKamie | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff / Petitioner: | | Attorneys Present for Defendant / Respondent: |
| None present | | None present |

**Proceedings:**   ORDER TO SHOW CAUSE

    The government moved to dismiss this federal habeas action as moot because Petitioner was recently removed from the United States and is no longer in immigration custody. (Docket # 9, 10.) The government contends that the action should be dismissed because the Court can no longer grant relief (that is, release from confinement) on Petitioner's claim. The Court further observes that Petitioner failed to file an updated, non-custodial mailing address with the Court after his recent release.

    Petitioner is entitled to be heard on this and have the opportunity to voluntarily dismiss the action if he agrees that his action is moot. Alternatively, Petitioner must update his mailing address pursuant to Local Rule 41-6 if he wishes to litigate the matter further.

    Therefore, IT IS ORDERED that Petitioner show cause why the action should not be summarily dismissed. Petitioner must file a statement by or before December 1, 2015, either: (a) voluntarily dismissing the action; or (b) responding to the merits of the government's dismissal motion. Failure to file a timely response to this OSC will lead the Court to recommend that the government's unopposed motion be granted. Local Rule 7-12.

    Petitioner moved for appointment of counsel in this action. (Docket # 2.) An indigent criminal defendant has the right to an appointed lawyer at trial and on direct appeal. However, the U.S. Supreme Court has held that there is no right to appointed counsel in habeas proceedings filed in federal court. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). In order to qualify for a discretionary appointment of an attorney, a prisoner (including one held in immigration custody) must show that the "circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 15-1293 JVS (MRW) | Date | November 20, 2015 |
|---|---|---|---|
| Title | Reyes v. Lynch | | |

1191, 1196 (9th Cir. 1986); <u>Rodriguez-Vega v. Holder</u>, No. C-13-0097 EM, 2013 WL 415630 (N.D. Cal. 2013) (immigration habeas action).

     Petitioner's presentation fails to meet this standard. His form statement regarding indigency and requesting an attorney is insufficient to establish circumstances that warrant appointment of an attorney. The Court has no basis to conclude that such an appointment is necessary here for constitutional purposes. The motion is DENIED without prejudice.