# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

MARCOS REYES,

    Petitioner,

v.

LORETTA LYNCH, et al.,

    Defendants.

Case No. SA CV 15-1293 JVS (MRW)

**ORDER DISMISSING ACTION**

    The Court dismisses the action: (a) as moot due to Petitioner's deportation and release from immigration detention; and (b) for failure of a pro se litigant to update his address with the Court.

\* \* \*

    This is a habeas action commenced by a Mexican national who formerly was in immigration custody. Petitioner filed for habeas relief in August 2015 to obtain his release from detention. (Docket # 1.)

    In October 2015, the government removed Petitioner to Mexico. (Docket # 10-1.) The government subsequently moved to dismiss the action as moot. (Docket # 10.) Magistrate Judge Wilner directed Petitioner to file a response to the

government's submission. (Docket # 11.) However, Petitioner failed to file a timely response or opposition to the government's motion. Instead, the Postal Service returned mail sent to Petitioner at his jail address of record as "undeliverable." (Docket # 12.) Petitioner has not updated his mailing address with the Court since then despite a direct order from the magistrate judge. (Docket # 13.)

\* \* \*

Habeas corpus is a civil action that allows an individual in custody to challenge his or her confinement. In the immigration context, an individual's deportation from the United States will not necessarily make a habeas action moot. However, the individual must demonstrate that there is "some remaining 'collateral consequence' that may be redressed by success on the petition." Abdala v. INS, 488 F.3d 1061, 1064 (9th Cir. 2007); Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir.1991) ("By his petition for habeas corpus, Picrin-Peron has requested only release from custody. Because he has been released, there is no further relief we can provide."). A habeas action rendered moot by agency action is properly dismissed for lack of jurisdiction. Mamigonian v. Biggs, 710 F.3d 936, 941 (9th Cir. 2013).

In the present action, Petitioner's deportation makes this action moot. The original petition sought Petitioner's release from custody or a transfer to another DHS/ICE facility. (Docket # 1 at 1-2.) Given that Petitioner was released from custody and is no longer in the country, the Court has no reason to conclude that Petitioner is entitled to any other relief from any collateral consequence related to his previous immigration detention. Abdala, 488 F.3d at 1064.

Because Petitioner received the relief he wanted (release from custody) as a result of his removal, that ends this Court's jurisdiction over the matter. Mamigonian, 710 F.3d at 941. Notably, Petitioner failed to file any response to the

government's application here.  As a result, the Court further considers the government's request regarding the dismissal of the action to be unopposed.  See Local Rule 7-12.  ("failure to file any required document [ ] may be deemed consent to the granting or denial of the motion").

*  *  *

Alternatively, the action is dismissible based on Petitioner's failure to prosecute.  Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants.  Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010).  Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Local Rule 41-6 provides in pertinent part:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number[.] If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

The dismissal of an action based on a litigant's failure to inform a district court of his or her address is reviewed for abuse of discretion.  Carey, 856 F.2d at 1440; Hickman v. County of Butte, 586 F. App'x 285 (9th Cir. 2014) (same).

In the present action, Plaintiff failed to provide the Court with up-to-date contact information.  As a result, an order of this Court was returned as undeliverable.  The magistrate judge then issued an OSC and gave Petitioner ample opportunity to update his address with the Court as required by Local Rule 41-6.

1  Plaintiff's failure to do so – and the Court's subsequent inability to send additional
2  litigation documents to him – demonstrate that he has no interest in advancing the
3  action following his deportation here.  By contrast, the Court, the government, and
4  the public have a strong interest in terminating this action.  Furthermore, because
5  Plaintiff is a pro se litigant who did not abide by the Court's recent order, no
6  sanction short of dismissal will be effective in moving this case forward.  Carey,
7  856 F.2d at 1440.  The Court finds that dismissal is appropriate under Rule 41(b)
8  and Local Rule 41-6.

* * *

Accordingly, for the above reasons, this action is DISMISSED as moot and for failure to prosecute.

IT IS SO ORDERED.

Dated: January 13, 2016

_____
HON. JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE